WM. BARTON AND WIFE v. WM. J. CANNON, adm'r.

WILL. *Partition. County Court. Jurisdiction.* A. died leaving a will, in which he devised his real estate to his widow for life, and directed his executor to sell, after the widow's death, the real estate, and distribute the proceeds equally among his children. After the death of the widow, the land not having been disposed of in accordance with the directions of the will, B., who had purchased the share of several of the children, filed a bill, in conjunction with the executor, in the County Court, for a sale of the real estate for partition among those interested therein. All parties in interest were made defendants, and the suit was regularly conducted, and a sale obtained. B. became the purchaser at the sale. Upon a bill filed by the children whose shares had not been purchased by B., to have the sale set aside and the proceedings in the County Court declared void, it was

*Held,* that B., the purchaser, had no such title interest in the real estate as entitled her to either a partition or a sale. She simply stood in the shoes of the persons from whom she purchased, and they, under the provisions of the will, had no title or interest in the realty itself, but only in the proceeds; and, therefore, the County Court had no jurisdiction to sell for partition under the bill of B. and the executor.

Case cited: Helm v. Franklin, 5 Hum., 405.
Code cited: Secs. 3262–3.

---

FROM FAYETTE.

---

Appeal from the Chancery Court. HENRY J. LIVINGSTON, Chancellor.

J. W. & C. C. HARRIS for complainants.

E. H. SHELTON· for defendants.

FREEMAN, J., delivered the opinion of the court.

Kincheon Bass died in 1852, leaving a will, by which he appointed B. M. Patterson his executor.

Patterson qualified, and took upon himself the duties of his office, and probably wound up the estate by collecting the assets and paying all the debts. He died, however, and in October, 1870, W. J. Cannon, one of the defendants, was appointed administrator, with the will annexed.

By the will of testator, in the second clause, he leaves all his personal property to his wife for life, "together with his tract of land on which he resided, with all appurtenances thereunto belonging," with certain provisions therein for the benefit of his children then under age. By the concluding clause of the third item of his will he provides, "and at the death of my beloved wife, if my negroes cannot be equally divided to advantage between all my children, it is my wish that they, with all the perishable property, be sold on a credit of twelve months, the land to be sold on a credit of one and two years, the proceeds arising from said sales, *when collected,* to be equally divided between all my children then living, or their descendants," adding certain exceptions and qualifications as to portions of his children, not necessary to be noticed. In the concluding clause, he appoints his friend, Bernard M. Patterson, executor, "to carry out the provisions of his will," and "grants him the liberty of bidding at the sale as any other individual."

The widow died in 1870, and the negroes having been emancipated, left the place on which he resided subject to the provisions of the will.

Caroline Wirt, one of the defendants, in the meantime had purchased the interests of four of the lega-

tees under the will.    Thereupon, in November, 1870, she and Cannon, the administrator, filed a bill in the County Court of Fayette county, stating the fact of the purchase of the interests mentioned, that the debts had all been paid and the estate settled up, and charging that it was manifestly to the interest of all parties that the land be thus sold for cash; asking it to be so sold if it could be done, but if it could not be done, then on a credit of one and two years. To this proceeding all the parties in interest were defendants, we believe, either by personal service or by publication, and, so far as the allegations of this bill show, the proceeding was regularly conducted.

An order of sale on a credit of one and two years was ultimately had, when Caroline Wirt became the purchaser of the land, at what the bill charges was a grossly inadequate price, and the sale confirmed by the court.

This bill is filed by the legatees having an interest in the proceeds of said lands, to declare said sale void, and remove the cloud from the title, and then to have the land sold by the Chancery Court, in execution of the trust (the executor being dead), and the proceeds appropriated under the provisions of the clause of the will quoted.

We need not discuss all the questions of more or less interest presented in argument in this case.    The bill was demurred to, so that its allegations are to be taken as true for the purposes of this opinion.

The question on which the case turns, and which is decisive of it, is, did the County Court have juris-

Barton *v.* Cannon.

diction to sell the land on the petition of the purchaser and the administrator with the will annexed? It is clear that if this court had no jurisdiction to make the sale, it is a nullity, and whatever may have been the powers of the administrator, &c., as such, he could confer no jurisdiction on the court. Consent cannot give jurisdiction, though possibly, in some cases, where the party owning the property had thus assented to the sale, it might operate as an estoppel on him, in connection with other facts, yet this is not such a case.

It is obvious this proceeding was intended to be a sale for partition under the provisions of the Code for this purpose. By sec. 3262, it is provided that "any person having an estate of inheritance, or for life, or for years, in lands, and holding and being in possession thereof as tenants in common, or otherwise, with others, is entitled to partition under the provisions of this chapter." By sec. 3263, it is provided: "Any person entitled to a partition of premises under the foregoing provisions, is equally entitled to have such premises sold for partition, in the following cases: 1. If the premises are so situated that partition thereof cannot be made. 2. Where the premises are of such description that it would be manifestly for the advantage of the parties that the same be sold instead of partitioned." That is, as this language was construed in the case of *Helm et als.* v. *Franklin et als.*, 5 Hum., 405, "that if it is manifestly for the interest of the parties, in order to make partition, that the estate be sold, it shall be so ordered."

26—VOL. 7.

Barton *v.* Cannon.

It is obvious from these provisions that the complainants in this case had no such estate in this land as entitled them, or either of them, to ask in the County Court either partition or sale for the same. The purchaser of the shares, Caroline Wirt, stood only in the shoes of the legatees from whom she purchased. They had no "estate of inheritance, or for life, or for years," in this land, but only an interest in "the proceeds *when* collected, to be equally divided between all the children then living, or their descendants." They were entitled to receive the proceeds when collected, not before. It is a case of equitable conversion, the land being directed to be sold unconditionally and the proceeds divided among the legatees; that is, their interest under the will being a legacy of personalty, not a right to the land out of which it was to be raised by sale.

We need not consider or decide the question of whether the administrator with the will annexed might or might not, under the Code, sec. 2240, have sold the land and executed the trust. It suffices to say, that this would not have authorized him to come into the County Court and ask a sale for partition. He might have gone into a court of chancery, probably, and asked a sale and the execution of the trust under the direction of that court. Be this as it may—and it is not important to decide the question here—it is certain he has only asked a sale in order to partition, or as being manifestly to the interest of the parties interested, under sec. 3323 and succeeding sections of the Code; and, in either aspect of the case, the

·County Court had no jurisdiction of the question, and its proceedings must be held to be a nullity.

The sale being a cloud on the title of the parties, should be removed as such.

We need not discuss the incidental questions pre-·sented in argument, as this is conclusive of the case.

The Chancellor sustained the demurrer and dis-missed the bill. We reverse his decree, and remand the case to be further proceeded in, with costs of this court.