STOOKSBURY *v.* PRATT *et al.*

(*Knoxville,* September term, 1950.)

Opinion filed December 9, 1950.

W. P. O'NEIL, of Knoxville, and T. R. CHADWICK, of Clinton, for complainant.

WALTER E. FISCHER, of Clinton, for defendants.

Mr. Justice Tomlinson delivered the opinion of the Court.

James Stooksbury died in February of 1949 leaving a will which provided this:

",Second, I nominate as my Executor, Elijah Melton, and appoint him to act as the executor of my estate without bond. I direct my executor to sell all of my real and personal property, at public or private sale as he may think best, and after paying all of my just debts, I direct that he pay the balance in my estate to my children, share and share alike.''

The question for decision is whether, in view of this provision of the will, a son of the testator, W. M. Stooksbury, can maintain a partition bill for a sale of the land of the testator, and, incident thereto, enjoin the Executor named in the above provision of the will from his proposed public sale of this land.

The Chancellor, being of the opinion that the son could not maintain such partition suit, dismissed his bill. This appeal follows.

By Code Section 9165 et seq. it is provided that any tenant in common of an estate of inheritance in land is entitled to maintain a suit for sale and division of proceeds when the land is incapable of division in kind. It is the insistence of the appellant son that this code section gives him the right to maintain this bill because the above quoted provision of his father's will is not a devise *to* the executor for sale, but only a direction that the executor shall sell; hence, the executor is without legal title and may not, therefore, says the appellant, prevent a tenant in common from asserting the right given such a tenant by Code Section 9165 to maintain a partition suit.

Appellant relies upon *Rogers* v. *Marker,* 59 Tenn. 645; *Daniel* v. *Dayton Coal and Iron Co.,* 132 Tenn. 501, 178 S. W. 1187, and *Fowler* v. *Plunk,* 7 Tenn. App. 29. It is held in those cases that where there is a mere testamentary direction for the named executor to sell the land for division of proceeds after payment of debts the title to the land is in the testamentary beneficiaries rather than the executor; or, as *Fowler* v. *Plunk,* supra, puts it "the title is in the beneficiary or heir *until the sale*". (Emphasis supplied.)

*Rogers* v. *Marker,* and *Daniel* v. *Dayton Coal and Iron Co.,* supra, involved the question of the right of possession, while *Fowler* v. *Plunk* dealt with the question of whether the interest given by the will to the beneficiaries could be levied upon by a judgment creditor or conveyed by the deed of beneficiary. There is not involved in either of those cases the question of whether Code Section 9165 may be allowed to defeat the testator's clear intention and positive direction that his executor sell his land, pay his debts, and distribute the balance to designated persons.

■ ■ Nor is there anything in Code Section 9165, the partition statute that gives or purports to give to a beneficiary under the will the right to deprive an owner of land the power to provide an inexpensive and expedient way of selling his land for these legally permissible purposes. In order to vest that power in an executor it is not necessary that the will vest title in him. *Daniel* v. *Dayton Coal and Iron Co.*, supra, 132 Tenn. at page 509, 178 Tenn. 1187.

■ It would seem, therefore, on principle that this son should not be allowed within about a year after the death of his father, and about a month after the death of his mother, to defeat this clear and important provision of his father's will by invoking Code Section 9165.

On authority, as well as on principle, the question for decision here seems to have been conclusively determined adversely to this appellant in our case of *Barton* v. *Cannon*, 66 Tenn. 398, 399, 401-402. In that case the will provided that the executor, after the death of the widow, sell the land of the testator and divide the proceeds equally between designated beneficiaries. As in the case at bar, a partition suit was attempted under Code Section 9165, then 3262 by some of the beneficiaries, or the purchasers of their shares. The Court held that because of the above mentioned provision of this will such partition suit could not be maintained by these beneficiaries.

As indicated, the testator in the case at bar predeceased his widow by about a year. It was the view of the executor and of at least a majority of the beneficiaries that a sale during the life of the widow would be prejudicial to the interests of all concerned. This was evidently upon the theory that she owned homestead and

dower in the land. However that may be, and as found by the Chancellor, there had not been an unreasonable delay upon the part of the executor in proceeding to sell this land. So, we do not have for decision the question of what would be the rights of the beneficiary under the partition statute or otherwise in cases where the executor is unreasonably delaying the carrying out of his testator's directions.

Affirmed.

All concur.